IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| NEXXLINX CORPORATION, INC., et al., | ) | PROPOSED |
| | ) | Jointly Administered Under |
| Debtors. | ) | CASE NO. 16-61225-pmb |

MOTION OF DEBTORS FOR ORDER AUTHORIZING DEBTORS
TO FILE A CONSOLIDATED MAILING MATRIX AND
A CONSOLIDATED LIST OF 30 LARGEST UNSECURED CREDITORS

COME NOW NexxLinx Corporation, Inc. ("**NexxLinx**"); NexxLinx Global, Inc. ("**NGI**"); NexxLinx of New York, Inc. ("**NNY**"); NexxLinx of Texas, Inc. ("**NTX**"); CustomerLinx of North Carolina, Inc. ("**CNC**"); and Microdyne Outsourcing Inc. ("**MOI**"), debtors and debtors-in-possession (collectively, the "**Debtors**") in the above-styled proposed jointly administered case (the "**Case**"), by and through the undersigned counsel, and make and file this Motion of Debtors for Order Authorizing Debtors to File a Consolidated Mailing Matrix and a Consolidated List of 30 Largest Unsecured Creditors (the "**Motion**"), respectfully showing the Court as follows:

**Background**

1.

On June 28, 2016, (the "**Petition Date**"), the Debtors each filed a voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**"). The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

2.

No request has been made for the appointment of a trustee or examiner, and no committee has been appointed in this Case.

3.

NexxLinx and its co-debtor subsidiaries and affiliates are business process and marketing services outsourcing providers that design custom solutions for inbound and outbound customer care, telemarketing and data collection, help desk, e-mail processing, live web and voice interaction, and back-end data processing. Their unique network-based service delivery platform allows the Debtors to optimize multichannel communications and deliver a consistent and compelling customer experience across multiple channels, devices, and media.  With their cloud-based infrastructure, the Debtors provide a true Unified Desktop which allows intelligent call routing, network-to-desktop computer telephony integration (CTI), multimedia contact management and interactive voice response (IVR) tools.

4.

The Debtors provide a rich suite of services for customer retention, technical support, customer service, and sales conversion principally for customers in the following industries:

- Telecommunications
- Publishing
- E-Commerce
- Financial Services
- Government
- Technology
- Media/Entertainment
- Cable TV
- Electronic (video) Gaming
- Marketing Services

5.

The Debtors currently operate customer service call centers in Maine, North Carolina, New York, and Georgia and employ approximately 1100 employees. Additional information about the Debtors' businesses and the events leading up to the Petition Date can be found in the Declaration of D. Alan Quarterman in Support of First Day Applications and Motions (the "**Quarterman Declaration**") which is incorporated herein by reference.

## Jurisdiction and Venue

6.

This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

## Relief Requested

7.

Pursuant to Rule 1007(d) of the Federal Rules of Bankruptcy Procedure, a chapter 11 debtor must file a list of its 20 largest unsecured creditors.

8.

By this Motion, Debtors respectfully request the entry of an order, pursuant to Section 105(a) of Title 11 of the United States Code, authorizing Debtors to file a consolidated mailing matrix and a consolidated list of their 30 largest unsecured creditors.

**Basis for Relief**

9.

The Debtors are comprised of six affiliated companies. There are over 200 creditors and other parties in interest in these cases, and there may be potential for confusion and/or overlap regarding creditor obligations. Given the circumstances, the Debtors submit that it is appropriate for them to file a consolidated mailing matrix and a consolidated list of their 30 largest unsecured creditors. The consolidated mailing matrix and the consolidated list of creditors will provide good and sufficient notice to all creditors and parties in interest of proceedings in the Chapter 11 cases in an efficient manner.

10.

The Court has authority to grant the relief requested in this Motion under Section 105(a) of the Bankruptcy Code, which empowers bankruptcy courts to enter "any order, process, or judgment that is necessary or appropriate" to carry out the provisions of the Bankruptcy Code. 11 U.S.C. § 105(a). Section 105(a) codifies the "equitable power" of bankruptcy courts and provides "broad authority" to accomplish tasks important to the implementation of the Bankruptcy Code. See United States v. Energy Res. Co., 495 U.S. 545, 549 (1990) (stating that the statutory directive of Section 105(a) is "consistent with the traditional understanding that bankruptcy courts, as courts of equity, have broad authority to modify creditor-debtor relationships").

11.

The Debtors have filed this Motion in a good faith effort to efficiently and effectively manage their chapter 11 cases. No creditor or party in interest would be prejudiced in any way by the relief requested in this Motion.

## Notice

Notice of this Motion has been provided to the Office of the United States Trustee, Debtors' pre-petition senior secured lender, the Debtors' proposed debtor-in-possession lender, any other party asserting a security interest in assets of the Debtors, and the Debtors' thirty (30) largest unsecured creditors on a consolidated basis. In light of the nature of the relief requested, the Debtors submit that no further notice is necessary.

## Conclusion

WHEREFORE, Debtors respectfully request that the Court enter an order:

(a)  authorizing the Debtors to file a consolidated mailing matrix;

(b)  authorizing the Debtors to file a consolidated list of their 30 largest unsecured creditors; and

(c)  granting the Debtors such other and further relief as is just and proper.

*[Signature on Next Page]*

This 28th day of June, 2016.

                    Respectfully submitted,

                    SCROGGINS & WILLIAMSON, P.C.

| | |
|---|---|
| | /s/ Ashley R. Ray |
| One Riverside | J. ROBERT WILLIAMSON |
| 4401 Northside Parkway | Georgia Bar No. 765214 |
| Suite 450 | ASHLEY REYNOLDS RAY |
| Atlanta, GA 30327 | Georgia Bar No. 601559 |
| T:    (404) 893-3880 | ROBERTO BAZZANI |
| F:    (404) 893-3886 | Georgia Bar No. 609464 |
| E:    rwilliamson@swlawfirm.com | |
|        aray@swlawfirm.com | *Proposed Counsel for the Debtors* |
|        rbazzani@swlawfirm.com | |

- 6 -