## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEXXLINX CORPORATION, INC., | ) | Jointly Administered Under |
| et al., [1] | ) | CASE NO. 16-61225-PMB |
| | ) | |
| Debtors. | ) | |

### TRUSTEE'S MOTION FOR APPROVAL OF
### COMPROMISE AND SETTLEMENT

Tamara Miles Ogier as Chapter 7 Trustee ("Trustee"), by and through counsel of record, files Trustee's Motion for Approval of Compromise and Settlement ("Motion") in an effort to obtain authorization to compromise and settle controversies between the jointly administered Chapter 7 Bankruptcy Estates (the "Estate") and Summit Financial Resources, LP and Bernard, LLC ("the Settling Entities") to resolve the following preference claim: *Tamara Miles Ogier as Chapter 7 Trustee v. Summit Financial Resources, LP and Bernard, LLC*, Adversary Proceeding No. 18-5142-pmb.

### I.  BACKGROUND

1.

On June 28, 2016 (the "Petition Date"), NexxLinx Corporation, Inc., Customerlinx of North Carolina, Inc., Microdyne Outsourcing, Inc., Nexxlinx Global, Inc., Nexxlinx of New York, Inc., Nexxlinx of Texas, Inc. (collectively with Nexxphase Inc., "Debtors") filed their respective voluntary bankruptcy petitions under Chapter 11 of the United States

---

[1] All of the Debtors include Nexxlinx Corporation, Inc., Case No. 16-61225-PMB; Customerlinx of North Carolina, Inc., Case No. 16-61229-PMB; Microdyne Outsourcing, Inc., Case No. 16-61231-PMB; Nexxlinx Global, Inc., Case No. 16-61233-PMB; Nexxlinx of New York, Inc., Case No. 16-61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-61236-PMB; Nexxphase, Inc., Case No. 16-62269-PMB.

Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*). On July 14, 2016 NexxPhase, Inc. filed its voluntary bankruptcy petition under Chapter 11. On or about November 13, 2017 the Debtors' cases were converted to cases under Chapter 7.

2.

The Trustee was appointed as Chapter 7 Trustee on November 16, 2017.

3.

The Settling Entities received funds from the Debtor within the 90 days prior to the filing of the Debtors' bankruptcy petition.

4.

Pursuant to 11 U.S.C. § 547, the Trustee made demand on the Settling Entities for turnover of the funds it received during the 90-day period prior to the Petition Date. The amount sought in the Complaint against Summit Financial Resources, LP and Bernard, LLC was $ 13,427.21.

5.

To pursue the Estate's claims, the Trustee filed suit against the Settling Entities, Adversary Proceeding No. 18-5142.   The Settling Entities disputed the Trustee's claims and asserted defenses thereto.

6.

The Trustee seeks authority to enter into and execute the Settlement Agreement and Mutual Release ("Settlement Agreement"), which is attached hereto and incorporated herein by reference as Exhibit A, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Estate and the Settling Entities.

7.

The Trustee proposes to compromise the Estate's claims against the Settling Entities upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement, the Settling Entities propose, among other things, to settle the claims made against it in Adversary proceeding 18-5142-pmb by payment to the Trustee of the total amount of $9,000.00 to be paid in two equal payments. The first $4,500 payment within fifteen (15) days of Court approval of this compromise and settlement, and the second payment of $4,500 within forty-five (45) days of Court approval of this compromise and settlement.

## II.  LEGAL STANDARDS

8.

The standards of approving or disapproving a settlement are the factors set forth in *Wallis v. Justice Oaks, II, Ltd. (In re Justice Oaks, II, Ltd.)*, 898 F2d 1544, 1549 (11 Cir. 1990), cert. denied, 498 U.S. 959 (1990).

9.

Justice Oaks requires that the Court consider (1) the probability of success in the litigation;(2) the difficulties, if any, to be encountered in the matter of collection; (3) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; and (4) deference to the reasonable views of creditors.

10.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and the Settling Entities results in the resolution of disputed claims in an expeditious and economical manner, without the need

for further litigation and the attendant costs and risks.  In view of the defenses asserted, and the uncertainty that generally accompanies all litigation, the Trustee believes that the Settlement Agreement with the Settling Entities should be approved by this Court.

11.

Under the standard set forth above and for the reasons previously detailed herein, the Trustee believes the Court should approve this Motion.

WHEREFORE, Trustee prays that this Honorable Court enter an order:

1. Approving this Motion, including the proposed compromise and settlement as set out above and in the Settlement Agreement attached hereto;

2. Authorizing the Trustee to enter into the Settlement Agreement and all other documents necessary to effectuate the compromise and settlement referenced herein; and

3. Grant such other and further relief as this Court deems just and proper.

OGIER, ROTHSCHILD & ROSENFELD, P.C.

By:   /s/ *Allen Rosenfeld*
      Allen Rosenfeld
      Georgia Bar No. 614451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orratl.com

**Exhibit A**

## SETTLEMENT AGREEMENT AND MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT AND MUTUAL RELEASE (the "Agreement") is made and entered into as of the date the Agreement is fully executed, by and between **Tamara Miles Ogier in her capacity as Chapter 7 Trustee** for the Estates of Nexxlinx Corporation, Inc., Case No. 16-61225-PMB; Customerlinx of North Carolina, Inc., Case No. 16-61229-PMB; Microdyne Outsourcing, Inc., Case No. 16-61231-PMB; Nexxlinx Global, Inc., Case No. 16-61233-PMB; Nexxlinx of New York, Inc., Case No. 16-61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-61236-PMB; Nexxphase, Inc., Case No. 16-62269-PMB (the "Trustee"), and **Summit Financial Resources, LP** ("Summit") and **Bernard, LLC** ("Bernard," and collectively with Summit, the "Defendants").

### W I T N E S S E T H

**WHEREAS,** on or about June 28, 2016, NexxLinx Corporation, Inc., Customerlinx of North Carolina, Inc., Microdyne Outsourcing, Inc., Nexxlinx Global, Inc., Nexxlinx of New York, Inc., Nexxlinx of Texas, Inc. (collectively with Nexxphase Inc., "Debtors") filed their respective voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*) (the "Bankruptcy Code") in the United States Bankruptcy Court for the Northern District of Georgia (the "Bankruptcy Court"); and

**WHEREAS,** on July 14, 2016 NexxPhase, Inc. filed its voluntary bankruptcy petition under Chapter 11 of the Bankruptcy Code in the Bankruptcy Court; and

**WHEREAS,** on or about November 13, 2017 the Debtors' cases were converted to cases under Chapter 7; and

**WHEREAS,** the Debtors' Chapter 7 bankruptcy cases are docketed and remain pending in the Bankruptcy Court as jointly administered under Bankruptcy Case No. 16-61225-pmb (the "Bankruptcy Cases"); and

**WHEREAS,** the Trustee is the duly appointed and acting Trustee for the Debtors' Chapter 7 Bankruptcy Estates (collectively, the "Estate") in the Bankruptcy Case; and

**WHEREAS,** on or about June 25, 2018, the Trustee filed an adversary proceeding against Defendants, which adversary proceeding was docketed and remains pending in the Bankruptcy Court as Adversary Proceeding No. 18-5142-pmb (the "Litigation"). In the Litigation the Trustee demanded, inter alia, payment from the Defendants as an alleged recipient of preferential transfers from the Debtor, which the Trustee alleged were avoidable pursuant to 11 U.S.C. §§ 547, 550, 551, and applicable state laws (collectively, the "Avoidance Claims"); and

**WHEREAS,** the Defendants deny liability and assert, among other things, certain defenses to the Avoidance Claims set forth in the Litigation; and

**WHEREAS**, the Trustee and Defendants (the "Parties"), on the terms and conditions contained herein, desire to compromise and settle all of the claims and disputes raised in the Litigation.

**NOW, THEREFORE,** in consideration of the mutual covenants and promises set forth herein, and for other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, the Parties hereto, intending to be legally bound, hereby agree as follows:

1. **Payment**: In full and final settlement and satisfaction of any Avoidance Claims against the Defendants, Defendants shall deliver a total of $9,000.00 (the "Settlement Amount"), through two payments of $4,500.00, by check or certified funds to the Trustee as follows: the first payment of $4,500.00 is due within fifteen (15) business days of the Approval Order becoming a Final Order (as each is defined below) and the second payment of $4,500 is due within forty-five (45) days of the Approval Order becoming a Final Order.

2. **Dismissal of Litigation**: Within thirty (30) business days after the date the Approval Order becomes a Final Order or within fifteen (15) business days of the Trustee's receipt of the entire Settlement Amount, whichever is later, or within such other later time as the Parties may agree in writing, the Trustee shall file for entry in the Litigation a Notice of Dismissal with prejudice, executed by counsel for the Trustee and providing for the dismissal with prejudice of the Litigation in its entirety.

3. **Release of Defendants**: Other than claims arising from this Settlement Agreement, the Trustee, for herself as Trustee, and on behalf of the Debtors, the Estate and their respective successors and assigns, hereby releases, acquits and forever discharges Defendants, their successors, as well as their principals, agents, affiliates, officers, directors, members, managers, shareholders, servants, employees, representatives, administrators, attorneys and assigns, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which the Trustee and/or the Estate may have, claim to have now, or may have in the future against Defendants which arise out of, relate to, or are connected with any of the Avoidance Claims or the Litigation.

4. **Release of the Trustee and the Debtor's Estate**: Other than claims arising from this Settlement Agreement, Defendants hereby release, acquit and forever discharge the Trustee (as trustee), the Debtors, the Estate, their successors, as well as their past and present principals, agents, affiliates, officers, directors, members, managers, shareholders, servants, employees, representatives, administrators, attorneys and assigns, from any and all claims, causes of action, suits, debts, liens, obligations, liabilities, demands, losses, costs and expenses (including attorneys' fees) of any kind, character, or nature whatsoever, known or unknown, fixed or contingent, which Defendants may have, claim to have now, or may have in the future against the Trustee (as trustee), the Debtors, or the Estate which could have been raised by the Defendants in the Litigation and which arise out of, relate to, or are connected with any of the Avoidance Claims or the Litigation. The release contained in this paragraph shall include the release and waiver of Defendants' right to file a claim for the payment of the Settlement Amount pursuant to section 502(h) of the Bankruptcy Code. Notwithstanding the foregoing, any existing

Proof of Claim filed by Defendants shall be unaffected by this Agreement and subject to objection by the Trustee.

5. **Covenants Not to Sue**: Other than claims arising from this Settlement Agreement, the Trustee and Defendants mutually covenant that they will not sue, sue further, or otherwise prosecute in any way any person or entity herein above released with respect to any and every Avoidance Claim released in this Agreement.

6. **Preservation of Bernard and Summit Agreements:** Notwithstanding anything to the contrary herein, nothing in this Agreement shall be deemed to have waived Summit's rights or Bernard's obligations under its agreements with Summit including, but not limited to, any indemnification obligations owed by Bernard to Summit. All agreements between Bernard and Summit shall survive this Agreement.

7. **No Prior Transfer**: The Parties hereby mutually represent and warrant that there has been no assignment, sale or other transfer or disposition of any interest in any of the claims hereinbefore released and forever discharged.

8. **Required Court Approval**: Upon the execution and delivery of this Agreement, the Trustee shall promptly move the Bankruptcy Court for the entry of an order (the "Approval Order") in the Bankruptcy Case approving this Agreement and the compromise and settlement provided for herein pursuant to Bankruptcy Rule 9019. The Parties to this Agreement agree to use their best efforts to obtain the entry of the Approval Order. Unless otherwise agreed in writing between the Parties, this Agreement and the obligations of the Parties hereto are in all respects contingent upon the Approval Order becoming a Final Order. For purposes of this Agreement, "Final Order" shall mean an order or judgment of the Bankruptcy Court as entered on its docket that has not been reversed, stayed pursuant to Bankruptcy Rule 8005, or any other applicable rule of civil or appellate procedure, modified or amended, and as to which the time to appeal, petition for certiorari, or seek reargument or rehearing has expired, or as to which any right to appeal, petition for certiorari or seek reargument or rehearing has been waived in writing in a manner satisfactory to the Parties, or if a notice of appeal, petition for certiorari, or motion for reargument or rehearing was timely filed, the order or judgment of the Bankruptcy Court has been affirmed by the highest court to which the order or judgment was appealed or from which the reargument or rehearing was sought, or a certiorari has been denied, and the time to file any further appeal or to petition for certiorari or to seek further reargument has expired.

9. **Reservation of Rights**: Unless and until the Approval Order becomes a Final Order, all claims and rights of the Parties are reserved. If the Court does not enter an Approval Order or if the Approval Order does not become a Final Order, (a) the Parties agree to extend the August 27, 2018 deadline for Defendants to file an answer or otherwise respond in the Lawsuit so that Defendants have an opportunity to timely file an answer or other response and (b) the Trustee agrees to not move for entry of default, if applicable, against any Defendant until after the expiration of the agreed-upon extended deadline.

10. **Assignment, Predecessors, Successors and Assigns**: This Agreement shall be binding upon and shall inure to the benefit of the Parties hereto and their legal representatives, predecessors, successors and assigns.

11. **No Liability**: The Parties to this Agreement each deny liability to the other. Neither the execution and delivery of this Agreement nor the performance of any matters contemplated hereby or provided for herein shall in any way or manner be construed as an admission of any allegation, fact or liability or any act of wrongdoing. Should this Agreement not be approved by the Bankruptcy Court, or should the Approval Order not become a Final Order, then nothing contained herein shall constitute an admission or be admissible in any subsequent litigation between the Trustee and Defendants.

12. **Construction**: The Parties hereto hereby mutually acknowledge and represent that they have been fully advised by their respective legal counsel of their rights and responsibilities under this Agreement, that they have read, know and understand completely the contents hereof, and that they have voluntarily executed the same. The Parties hereto further hereby mutually acknowledge that they have had input into the drafting of this Agreement and that, accordingly, in any construction to be made of this Agreement, it shall not be construed for or against any party, but rather shall be given a fair and reasonable interpretation, based on the plain language of the Agreement and the expressed intent of the Parties.

13. **Entire Agreement**: This Agreement constitutes the entire agreement and understanding between the Parties relating to the subject matter contained herein, and this Agreement may not be altered, amended or modified in any respect or particular whatsoever except by a writing duly executed by each of the Parties hereto.

14. **Authority**: Each person signing this Agreement represents and warrants that he/she has been duly authorized and has the requisite authority to execute and deliver this Agreement on behalf of such Party and to act with respect to the rights and claims that are being altered or otherwise affected by this Agreement.

15. **Counterparts**: This Agreement may be executed in several counterparts, each of which shall be an original, so that all of which taken together shall constitute one and the same instrument. Furthermore, this Agreement may be executed and delivered by facsimile or email and the parties agree that such facsimile or email execution and delivery shall have the same force and effect as delivery of an original document with original signatures, and that each party may use such email or facsimile signatures as evidence of the execution and delivery of this Agreement by all parties to the same extent that an original signature could be used.

16. **Severability**: In the event that any part of this Agreement shall be found to be illegal or in violation of public policy, or for any reason unenforceable at law, such finding shall not invalidate any other part hereof.

17. **Choice of Law**: This Agreement shall be interpreted under, and construed in accordance with, the laws of the State of Georgia.

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

**Summit Financial Resources, LP**

Date: _____   By: _____

Its: _____

**Bernard, LLC**

Date: _____   By: _____

Its: _____

Date: 8·27·18   By: _____
TAMARA MILES OGIER in her capacity as Chapter 7 Trustee for Nexxlinx Corporation, Inc., Case No. 16-61225-PMB; Customerlinx of North Carolina, Inc., Case No. 16-61229-PMB; Microdyne Outsourcing, Inc., Case No. 16-61231-PMB; Nexxlinx Global, Inc., Case No. 16-61233-PMB; Nexxlinx of New York, Inc., Case No. 16-61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-61236-PMB; Nexxphase, Inc., Case No. 16-62269-PMB

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

**Summit Financial Resources, LP**

Date: 8/27/2018

By: _Douglas A. Keefe_

Its: _President & CEO_

**Bernard, LLC**

Date: _____

By: _____

Its: _____

Date: _____

By: _____
TAMARA MILES OGIER in her capacity as Chapter 7 Trustee for Nexxlinx Corporation, Inc., Case No. 16-61225-PMB; Customerlinx of North Carolina, Inc., Case No. 16-61229-PMB; Microdyne Outsourcing, Inc., Case No. 16-61231-PMB; Nexxlinx Global, Inc., Case No. 16-61233-PMB; Nexxlinx of New York, Inc., Case No. 16-61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-61236-PMB; Nexxphase, Inc., Case No. 16-62269-PMB

**IN WITNESS WHEREOF** and in agreement herewith, the Parties have executed and delivered this Agreement, as of the date indicated below.

**Summit Financial Resources, LP**

Date: _____        By: _____

                          Its: _____

                          **Bernard, LLC**

Date: 08-24-2018          By: _/s/_____

                          Its:  CEO  _____


Date: _____      By: _____
                          TAMARA MILES OGIER in her capacity as
                          Chapter 7 Trustee for Nexxlinx Corporation, Inc.,
                          Case No. 16-61225-PMB; Customerlinx of North
                          Carolina, Inc., Case No. 16-61229-PMB;
                          Microdyne Outsourcing, Inc., Case No. 16-61231-
                          PMB; Nexxlinx Global, Inc., Case No. 16-61233-
                          PMB; Nexxlinx of New York, Inc., Case No. 16-
                          61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-
                          61236-PMB; Nexxphase, Inc., Case No. 16-62269-
                          PMB

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NEXXLINX CORPORATION, INC., et al.,[1] | ) | Jointly Administered Under |
| | ) | CASE NO. 16-61225-pmb |
| Debtors. | ) | |

**NOTICE OF HEARING**

**PLEASE TAKE NOTICE** that Tamara Miles Ogier as Chapter 7 Trustee for the jointly administered bankruptcy Estates, currently administered under Nexxlinx Corporation, Inc. 16-61225-PMB (the "Trustee"), has filed Trustee's Motion for Approval of Compromise and Settlement ("Motion") in an effort to obtain authorization to compromise and settle controversies between the Chapter 7 Bankruptcy Estates (the "Estate") and Summit Financial Resources, LP and Bernard, LLC ("the Settling Entities") to resolve the following preference claim: *Tamara Miles Ogier as Chapter 7 Trustee v. Summit Financial Resources, LP and Bernard, LLC*, Adversary Proceeding No. 18-5142-pmb.

**Background:** On June 28, 2016 (the "Petition Date"), NexxLinx Corporation, Inc., Customerlinx of North Carolina, Inc., Microdyne Outsourcing, Inc., Nexxlinx Global, Inc., Nexxlinx of New York, Inc., Nexxlinx of Texas, Inc. (collectively with Nexxphase Inc., "Debtors") filed their respective voluntary bankruptcy petitions under Chapter 11 of the United States Bankruptcy Code (11 U.S.C. §§ 101, *et seq.*). On July 14, 2016 NexxPhase, Inc. filed its voluntary bankruptcy petition under Chapter 11. On or about November 13, 2017 the Debtors' cases were converted to cases under Chapter 7. The Trustee was appointed as Chapter 7 Trustee on November 16, 2017.

The Settling Entities received funds from the Debtor within the 90 days prior to the filing of the Debtor's bankruptcy petition. Pursuant to 11 U.S.C. § 547, the Trustee made demand on each of the Settling Entities for turnover of the funds it received during the 90-day period prior to the Petition Date. The amount sought in the Complaint against Summit Financial Resources, LP and Bernard, LLC was $13,427.21.

To pursue the Estate's claims, the Trustee filed a suit against the Settling Entities. The Settling Entities disputed the Trustee's claims and asserted defenses thereto.

**Settlement:** The Trustee seeks authority to enter into and execute the Settlement Agreement and Mutual Release ("Settlement Agreement"), which is attached to the

---

[1] All of the Debtors include Nexxlinx Corporation, Inc., Case No. 16-61225-PMB; Customerlinx of North Carolina, Inc., Case No. 16-61229-PMB; Microdyne Outsourcing, Inc., Case No. 16-61231-PMB; Nexxlinx Global, Inc., Case No. 16-61233-PMB; Nexxlinx of New York, Inc., Case No. 16-61234-PMB; Nexxlinx of Texas, Inc., Case No. 16-61236-PMB; Nexxphase, Inc., Case No. 16-62269-PMB.

Motion as Exhibit A, and to take any other necessary steps to consummate the compromises set forth in the Settlement Agreement between the Estate and the Settling Entities.

The Trustee proposes to compromise the Estate's claims against the Settling Entities upon the terms and conditions presented in the Settlement Agreement. Pursuant to the Settlement Agreement the Settling Entities propose, among other things, to settle the claims made against it in Adversary proceeding 18-5142-pmb by payment to the Trustee in the amount of $9,000.00, in two payments of $4,500.00, the first within fifteen (15) days of Court approval of this compromise and settlement and the second payment of $4,500.00 is due within forty-five (45) days of Court approval of this compromise and settlement.

The Trustee believes that the Settlement Agreement is in the best interests of the creditors. The Settlement Agreement between the Trustee and the Settling Entities results in the resolution of disputed claims in an expeditious and economical manner, without the need for further litigation and the attendant costs and risks. In view of the significant defenses asserted, the Trustee believes that the Settlement Agreement with the Settling Entities should be approved by this Court.

**PLEASE TAKE FURTHER NOTICE** that a hearing will be held on the Motion on **October 22, 2018** at **2:00 P.M.** in **Courtroom 1202**, United States Courthouse, 75 Ted Turner Drive, SW, Atlanta, GA 30303.

**Your rights may be affected** by the Court's ruling on these pleadings. You should read these pleadings carefully and discuss them with your attorney, if you have one in this bankruptcy case. (If you do not have an attorney, you may wish to consult one.) If you do not want the court to grant the relief sought in these pleadings or if you want the court to consider your views, then you and/or your attorney must attend the hearing. You may also file a written response to the pleading with the Clerk at US Bankruptcy Court, Room 1340, 75 Ted Turner Drive, SW, Atlanta, Georgia 30303 but you are not required to do so. If you file a written response, you must attach a certificate stating when, how and on whom (including addresses) you served the response. Mail or deliver your response so that it is received by the Clerk of the Court at least two (2) business days before the hearing. You must mail a copy of your response to the undersigned at the address stated below.

Dated: September 11, 2018                    OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                                                    By:   /s/  *Allen Rosenfeld*
                                                                           Allen Rosenfeld
                                                                           Georgia Bar No. 614451

                                            Attorneys for Tamara Miles Ogier as Chapter 7 Trustee

P.O. Box 1547
Decatur, Georgia 30031
(404) 525-4000
apr@orratl.com

## CERTIFICATE OF SERVICE

This is to certify that on September 11, 2018 a true and correct copy of the within and foregoing TRUSTEE'S MOTION FOR APPROVAL OF COMPROMISE AND SETTLEMENT and NOTICE OF HEARING was served to all parties listed below via first class United States Mail, postage pre-paid:

Martin P. Ochs
David S. Weidenbaum
Office of the U. S. Trustee
362 Richard Russell Federal Bldg.
75 Ted Turner Drive, SW
Atlanta, GA 30303

J. Robert Williamson
Ashley Reynolds Ray
Scroggins & Williamson, P.C.
One Riverside, Suite 450
4401 Northside Parkway
Atlanta, GA 30327

NexxLinx Corporation, Inc.
3565 Piedmont Road, NE
Building 2, Suite 104
Atlanta, GA 30305

Sherilyn A. Olsen
Holland & Hart
222 South Main Street, Suite 2200
Salt Lake City, UT 84101

Stuart Pratt
Robinson Bradshaw
101 N. Tryon Street, Suite 1900
Charlotte, NC 28246

                                  OGIER, ROTHSCHILD & ROSENFELD, P.C.

                                  By:  /s/ *Allen Rosenfeld*
                                         Allen Rosenfeld
                                         Georgia Bar No. 614451

P.O. Box 1547
Decatur, GA 30031
(404) 525-4000
apr@orratl.com